PD-1136-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/5/2015 2:24:07 PM
Accepted 10/7/2015 2:51:52 PM
ABEL ACOSTA
CLERK

NO. PD-1136-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS
AT AUSTIN

FILED IN
COURT OF CRIMINAL APPEALS

October 7, 2015

ABEL ACOSTA, CLERK

JOSE MAYA,
Appellant

v.

THE STATE OF TEXAS,
Appellee

On appeal in Cause No. F12-34710-T
from the 283rd Judicial District Court
Of Dallas County, Texas
And on Petition for Discretionary Review from
the Fifth District of Texas at Dallas
In Cause No. 05-14-00486-CR

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Counsel of Record:

**Lynn Richardson**          **Nanette Hendrickson**
**Chief Public Defender**    **Assistant Public Defender**
                             Dallas County Public Defender's Office
**Katherine A. Drew**        State Bar Number: 24081423
**Chief, Appellate Division** 133 N. Riverfront Blvd., LB 2
                             Dallas, Texas 75207-399
                             (214) 653-3550 (*telephone*)
                             (214) 653-3539 (*fax)*

ATTORNEYS FOR PETITIONER/APPELLANT

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ..............................................2

STATEMENT OF THE CASE ..............................................................................2

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE ....................2

STATEMENT OF FACTS .....................................................................................3

GROUND FOR REVIEW ......................................................................................3

      Whether the Court of Appeals misapplied Rule 613(a)(4) of the
Texas Rules of Evidence by admitting extrinsic evidence of J's
prior inconsistent statement .................................................................................3

ARGUMENT .........................................................................................................3

      FACTS ............................................................................................................3

      APPLICABLE LAW .......................................................................................5

      THE COURT OF APPEALS' HOLDING IS INCORRECT .........................6

      CONCLUSION ...............................................................................................9

PRAYER FOR RELIEF ........................................................................................9

CERTIFICATE OF SERVICE .............................................................................10

CERTIFICATE OF COMPLIANCE.....................................................................10

# INDEX OF AUTHORITIES

**Cases**

*Aranda v. State*,
   736 S.W.2d 702 (Tex. Crim. App. 1987)......................................................8

*Huff v. State*,
   576 S.W.2d 645 (Tex. Crim. App. 1979).................................................6, 8

*Maya v. State*,
   No. 05-14-00486-CR, 2015 Tex. App. LEXIS 8156, * 9 (Tex. App.—Dallas
   August 4, 2015) .......................................................................... 3, 7, 8

*McGary v. State*,
   750 S.W.2d 782 (Tex. Crim. App. 1988)......................................................6

*Ranson v. State*,
   707 S.W.2d 96 (Tex. Crim. App. 1986)....................................................8, 9

**Rules**

Tex. R. Evid. 613(a)...................................................................................6

## LIST OF PARTIES

**TRIAL COURT JUDGE**
Rick Magnis, Judge, Presiding Judge

**APPELLANT**
Jose Maya

**APPELLANT'S ATTORNEYS**
**AT TRIAL**
Sarah Duncan, State Bar No.  24055477

**ON APPEAL**
Nanette Hendrickson, State Bar No. 24081423

Assistant Public Defenders
Dallas County Public Defender's Office
133 N. Riverfront Blvd., LB 2
Dallas, Texas  75207-4399

**STATE'S ATTORNEYS**
**AT TRIAL**
Jason Fine, State Bar No. 24068658

**ON APPEAL**
Alexis E. Hernandez, State Bar No. 24055658

Assistant District Attorneys
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas  75207-4399

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

1

Jose Maya, Appellant, respectfully presents to this Honorable Court his Petition for Discretionary Review of the Fifth District Court of Appeals' Opinion affirming the trial court's judgment.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because this case presents a question of law on issues having statewide impact and possible reoccurrence. Oral argument may be helpful to the members of this Court in the resolution of the issues presented.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of Indecency with a Child by Contact. (CR: 11). Appellant pled not guilty to the primary charge in the indictment. (CR: 66). A jury trial was held, and the jury found Appellant guilty of the offense. (RR6: 71). After a hearing on punishment, the court assessed punishment at fourteen years' imprisonment. (RR6: 66). Judgment was entered by the trial court on April 16, 2014. (CR: 66). A notice of appeal was timely filed. (CR: 69).

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

On August 4, 2015, in an unpublished opinion authored by Justice Evans, the Court of Appeals for the Fifth District of Texas affirmed the trial court's judgment. *Maya v. State*, No. 05-14-00486-CR, 2015 Tex. App.

2

LEXIS 8156, * 9 (Tex. App.—Dallas August 4, 2015). This Court granted an extension of time to file a Petition for Discretionary Review, which is timely if filed on or before October 5, 2015.

## STATEMENT OF FACTS

The facts of this case, which are extensive, are adequately recited in the Court of Appeal's opinion, which is attached to this Petition as required by TEX. R. APP. P. 68.4 (i).

Suffice it to say that Appellant was charged with and convicted of indecency with a child by contact. (CR: 11, 71; RR6: 71).

## GROUND FOR REVIEW

**Whether the Court of Appeals misapplied Rule 613(a)(4) of the Texas Rules of Evidence by admitting extrinsic evidence of J's prior inconsistent statement.**

## ARGUMENT

The Court of Appeals incorrectly applied Rule 613 which states extrinsic evidence of a prior inconsistent statement can be admitted when the witness does not "unequivocally admit making the statement." TEX. R. EVID. 613(a)(4).

**FACTS**

The complaining witness, J, testified as a witness for the State. (RR5: 76-134). J testified that her sister told J to tell her aunt, Isabel, that

3

Appellant, their father, touched J's private part. (RR5: 83). J testified that her sister texted Isabel who then took J and her sister to Braum's the next day. (RR5: 84-85). J stated that she did not tell Isabel anything while at Braum's, but her sister told Isabel that Appellant had been touching J since the seventh grade. (RR5: 85). The prosecutor then asked J if she had previously spoken with Christine Mack (Mack), a forensic interviewer at the Children's Advocacy Center. (RR5: 89). J responded, "I remember talking to somebody." (RR5: 89). J stated she remembered some of the specific statements she made to Mack. (RR5: 89). Defense counsel objected, saying:

> MS. DUNCAN: Objection. This is hearsay. He's trying to back door in her statement and use it as evidence.
>
> MR. FINE: It's her own words, Your Honor. It's not hearsay. It's improper use of impeachment.
>
> MS. DUNCAN: Can I ask at least for a limiting instruction that it be used only for impeachment and not as substantive evidence?
>
> THE COURT: Yes.
>
> MR. FINE: Your Honor, at this point she hasn't even said it's inconsistent. I'm asking what she told Christine. She didn't say she didn't say. At this point it's her testimony. I haven't impeached her.
>
> THE COURT: I understand. At the appropriate time I will give the appropriate instruction.

(RR5: 91-92). At no time did the trial court give an oral or written instruction to the jury regarding J's statement. (RR: *passim*; CR: *passim*). The State then continually asked J regarding specific statements she made to Mack, the forensic interviewer. (RR5: 92-106). J's answers varied depending on the question; however, if she stated she did not remember, the prosecutor would ask if seeing the video of her forensic interview would refresh her memory. (RR5: 95, 96, 97, 98, 100, 102, 102-103, 104). J answered in the affirmative to that question almost every time. (RR5: 95, 96, 97, 99, 102, 103, 104). On two occasions she answered, "maybe" and "probably." (RR5: 100, 101). Part way through J's testimony, defense counsel objected again to the State testifying in order to get the statements admitted. (RR5: 97-98). At no time did J deny speaking with the forensic interviewer or giving her a statement. (RR: *passim*).

**APPLICABLE LAW**

Rule 613(a) of the Texas Rules of Evidence provides the following:

> In examining a witness concerning a prior inconsistent statement made by the witness, whether oral or written, and before further cross-examination concerning, or extrinsic evidence of, such statement may be allowed, the witness must be told the contents of such statement and the time and place and the person to whom it was made, and must be afforded an opportunity to explain or deny such statement…If the witness

5

unequivocally admits having made such statement, extrinsic evidence of same shall not be admitted.

Tex. R. Evid. 613(a); *McGary v. State*, 750 S.W.2d 782, 786 (Tex. Crim. App. 1988) (*quoting Huff v. State*, 576 S.W.2d 645, 647 (Tex. Crim. App. 1979)

## THE COURT OF APPEALS' HOLDING IS INCORRECT

The Court of Appeals' decision is in conflict with the holding of this Court. The Court of Appeals held in the case at bar that because J testified in a reluctant manner regarding her statement to Christine Mack, the forensic interviewer, extrinsic evidence of the forensic interview was admissible. However, the rule does not predicate admission of extrinsic evidence on how one testifies to the content of the statement, but whether they "unequivocally admit making the statement." Tex. R. Evid. 613(a)(4).

The Court of Appeals cited in its opinion the foundation laid by the State for admission of extrinsic evidence of J's interview with Christine Mack.

> Q. Okay. All right. And this is over two years ago, right?
> A. Yes.
> Q. And this has been really difficult on you, right?
> A. Yes.
> Q. Are there a lot of things that you don't really want to talk about or want to remember about that?
> A. Yes.

Q. So you're not saying it didn't happen. You just don't remember that?
A. Yes.
Q. Okay. Do you remember a couple weeks after Braum's that you went down to a place called the Children's Advocacy Center and talked to a woman named Christine Mack?
A. I remember talking to somebody.
Q. Do you remember she had dark hair, long dark hair?
A. Yes.
Q. And do you remember what you told Christine Mack?
A. No.

*Maya*, 2015 Tex. App. LEXIS 8156 at *5; (RR5: 89). The Court of Appeals appears to confuse being reluctant to testify to the contents of the statement with failing to unequivocally admit making the statement at all. The Court of Appeals relies on J's reluctance when testifying about the interview. *Id*. at *6. While J might have been hesitant while testifying about the contents of the statement, at no time during her testimony did she deny or fail to "unequivocally admit" making a statement to Christine Mack. Rather, as seen in the exchange cited above, J stated that she remembered talking to someone at the Children's Advocacy Center. (RR5: 89). That testimony admits making the statement in question.

The Court of Appeals also disregarded the fact that not only did J unequivocally admit to making a prior statement, but she admitted that the prior statement contradicted her trial testimony. The State acknowledged and J confirmed during her testimony that she was not going to testify consistent

7

with her prior statements to her aunt or the forensic interviewer, Christine Mack. (RR5: 83, 109). Indeed, the State told J regarding her prior statements "…I understand and I understand that what you are going to say today is that what you said back then wasn't the truth, right?" (RR5: 83). J then replied, "yes." (RR5: 83). The Court of Appeals cited *Aranda v. State* for the proposition that "if a witness unequivocally admits a prior statement is inconsistent with his trial testimony the process of impeachment is accomplished and other evidence of the prior statement or confession is inadmissible." *Maya*, 2015 Tex. App. LEXIS 8156 at *6, *citing Aranda v. State*, 736 S.W.2d 702, 708 (Tex. Crim. App. 1987). However, they failed to apply it to J's testimony that her prior statements were inconsistent with her trial testimony. Since J admitted that her prior statements were inconsistent with her testimony at trial, the extrinsic evidence of her statements to Mack should have been held inadmissible.

The present case is not unlike the situation in *Huff v. State* where the prosecutor read grand jury testimony to the witness and asked if she remembered making the statement, without first eliciting a denial of the prior statement. *Huff*, 576 S.W.2d at 647-648 (Tex. Crim. App. 1979). "A negative response to this question is not a denial that she made the statement." *Ranson v. State*, 707 S.W.2d 96, 102 (Tex. Crim. App. 1986)

8

(Miller, J., dissenting). Because the prosecutor "failed first to elicit a denial of the prior statement,[he] likewise interjected into evidence a large portion of a purported prior statement that was otherwise inadmissible." *Id*.

In the case at bar, the State improperly admitted portions of J's forensic interview by continually asking if she remembered specific statements to Christine Mack. However, J never unequivocally admitted making these statements to Mack first. By asking questions in this way, the State admitted portions of the interview which would have been otherwise inadmissible. As such, contrary to the Court of Appeal's opinion, this was improper impeachment.

**CONCLUSION**

The Court of Appeals' decision to affirm the trial court's ruling admitting J's prior inconsistent statement is in conflict with this Court's ruling. This Court should grant discretionary review to resolve this discrepancy between the Court of Appeal's ruling and the ruling of this Court.

<u>**PRAYER FOR RELIEF**</u>

For the reasons herein alleged, Appellant prays this Court grant this petition and, upon reviewing the judgment entered below, remand the case for a new trial.

Respectfully submitted,

Lynn Richardson
Chief Public Defender


/s/ *Nanette Hendrickson*
Nanette Hendrickson
Assistant Public Defender
State Bar No. 24081423

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2015, a true copy of the foregoing petition for discretionary review was served on Lori Ordiway, Assistant District Attorney, Dallas County Criminal District Attorney's Office, 133 N. Riverfront Blvd., LB-19, 10th Floor, Dallas, Texas, 75207, by electronic and hand delivery; and was also served on, Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711 by electronic delivery and by depositing same in the United States Mail, Postage Prepaid.

/s/ *Nanette Hendrickson*
Nanette Hendrickson

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Petition for Discretionary Review contains 2,193 words.

/s/ *Nanette Hendrickson*
Nanette Hendrickson

10



**User Name:**  nanette hendrickson
**Date and Time:**  Oct 02, 2015    2:26 p.m. EDT
**Job Number:**  24536766

## Document(1)

1.  *Maya v. State, 2015 Tex. App. LEXIS 8156*

    **Client/Matter:**  -None-

    **Narrowed by:**

| Content Type | Narrowed by |
| --- | --- |
| Cases | Court: Texas |

## *Maya v. State*

Court of Appeals of Texas, Fifth District, Dallas

August 4, 2015, Opinion Filed

No. *05-14-00486-CR*

**Reporter**

2015 Tex. App. LEXIS 8156

JOSE MAYA, Appellant v. THE STATE OF TEXAS, Appellee

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** [*1] On Appeal from the 283rd Judicial District Court, Dallas County, Texas. Trial Court Cause No. F12-34710-T.

## Core Terms

interview, impeachment, limiting instruction, trial court, prior inconsistent statement, remember, forensic, admit, witness's, touching

## Case Summary

### Overview

HOLDINGS: [1]-In a trial for indecency with a child by contact, the prosecutor was properly permitted to question the complainant regarding her prior inconsistent statements to a forensic interviewer because the state provided a proper foundation under *Tex. R. Evid. 613* by asking the complainant about the time, place and person to whom she made the statements and providing her an opportunity to explain or deny the statements; [2]-Error in failing to give a limiting instruction on use of the prior inconsistent statements was harmless because defendant confessed in his voluntary interview with a detective and the detective testified that the confession corroborated what the complainant said in her forensic interview.

### Outcome

Judgment affirmed.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Standards of Review > Abuse of Discretion > Evidence

*HN1* A trial court's decision to admit or exclude evidence is viewed under an abuse of discretion standard. A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement.

Evidence > ... > Credibility of Witnesses > Impeachment > Prior Inconsistent Statements

*HN2* A witness's prior inconsistent statements are admissible to impeach a witness. The rule of admissibility of evidence of prior inconsistent statements should be liberally construed and the trial judge should have discretion to receive any evidence which gives promise of exposing a falsehood.

Evidence > ... > Credibility of Witnesses > Impeachment > Prior Inconsistent Statements

*HN3* See *Tex. R. Evid. 613(a)*.

Evidence > ... > Credibility of Witnesses > Impeachment > Prior Inconsistent Statements

*HN4* There are three requirements to establish the proper predicate or foundation for impeachment testimony: (1) identification (time and place and person to whom the statement was made); (2) the contents of such statement; and (3) the witness must be afforded an opportunity to explain or deny such statement.

Evidence > ... > Credibility of Witnesses > Impeachment > Prior Inconsistent Statements

*HN5* *Tex. R. Evid. 613(a)* does not require a witness to deny a prior inconsistent statement. Instead, the rule provides that extrinsic evidence of a witness's prior inconsistent statement may not be admitted if the witness unequivocally admits making the statement. *Tex. R. Evid. 613(a)*. If a witness

unequivocally admits a prior statement is inconsistent with his trial testimony the process of impeachment is accomplished and other evidence of the prior statement or confession is inadmissible.

Criminal Law & Procedure > Trials > Jury Instructions > Limiting Instructions

*HN6* A trial court must provide a limiting instruction that restricts the evidence to its proper scope and instruct the jury accordingly. *Tex. R. Evid. 105(a)*.

Criminal Law & Procedure > Trials > Jury Instructions > Limiting Instructions

*HN7* The plain language of *Tex. R. Evid. 105(a)* seems to place the relevant timing for a limiting instruction request at the moment the evidence is admitted.

Evidence > ... > Credibility of Witnesses > Impeachment > General Overview

Evidence > ... > Credibility of Witnesses > Impeachment > Prior Inconsistent Statements

*HN8* Impeachment is aimed at attacking the credibility of a witness. Testimony admitted only for impeachment purposes is without probative value and cannot be considered as substantive evidence. One of the common methods of impeachment is by the use of prior inconsistent statements, oral or written, under oath or not. The jury may consider the inconsistency as damaging to the witness's credibility, but may not use the evidence substantively.

Evidence > ... > Credibility of Witnesses > Impeachment > Prior Inconsistent Statements

Evidence > ... > Exemptions > Prior Statements > Inconsistent Statements

*HN9* *Tex. R. Evid. 607* permits the use of prior inconsistent statements that are hearsay for the purposes of impeachment. Courts, of course, must be careful to give jury instructions limiting the evidence to the issue of impeachment.

Criminal Law & Procedure > Trials > Jury Instructions > Limiting Instructions

Criminal Law & Procedure > ... > Standards of Review > Harmless & Invited Error > Jury Instructions

*HN10* When a trial court errs by refusing to give a contemporaneous limiting instruction, that error is non-constitutional and is subject to a harmless error analysis pursuant to *Tex. R. App. P. 44.2(b)*. Under *Tex. R. App. P. 44.2(b)*, nonconstitutional error that does not affect appellant's substantial rights must be disregarded.

**Counsel:** For Appellants: Nanette Hendrickson, Dallas, TX.

For Appellees: Susan Hawk, Alexis E. Hernandez, Dallas, TX.

**Judges:** Before Justices Fillmore, Myers, and Evans. Opinion by Justice Evans.

**Opinion by:** DAVID EVANS

# Opinion

**MEMORANDUM OPINION**

Opinion by Justice Evans

Jose Maya appeals his conviction for the offense of indecency with a child by contact. In two issues, appellant contends that: (1) the trial court abused its discretion in allowing the prosecutor to question a witness regarding her prior inconsistent statement because it was improper impeachment and (2) the trial court erred by not giving a limiting instruction to the jury when requested by appellant. Appellant seeks a reversal and remand for further proceedings. We affirm.

**BACKGROUND**

In July 2012, appellant was indicted for the offense of indecency with a child by contact. Appellant pleaded not guilty and the trial commenced on April 15, 2014.

During trial, Detective Kim Vanderveen, the lead detective in this case, testified that she observed the forensic interview between the victim, J (appellant's daughter), and an interviewer at the Dallas Children's Advocacy Center (DCAC). Detective Vanderveen spoke with appellant when he voluntarily visited her and he confessed **[*2]** to having touched J "once a month" for "more or less a year."

Maria, J'aunt, testified that she received a text message in March 2012 from her niece, G, stating that she and her stepsister, J, needed to speak with her. The next day, Maria picked up G, J, J's friend, and her sister (G and J's mother) and took them to Braum's. Maria testified that she took the girls to the restroom and J told Maria that her father had been touching her. Maria said that J acted nervous and sad and told her that it started when she was in the seventh

grade. At the time J spoke with Maria, she was in the eighth grade.

Christine Mack, a former forensic interviewer for the DCAC, testified about her interview with J. She testified that a forensic interviewer is a trained professional who interviews children of suspected abuse in a non-leading and non-suggestive manner. She stated that J was very upset and emotional once they started speaking about the abuse. Mack further testified that she did not see any signs of coaching or lying during J's interview.

J also testified and stated that she did not want to be in court. At trial, J testified that G told her to say that her dad had been touching her. J also testified [*3] that her mom had health problems and had just gotten out of the hospital around March 2012. J said that there were a lot of things that she did not want to talk about or remember. At trial, she testified in answers to appellant's counsel questions that her stepsister came up with this story about her dad and she went along with it to split up their parents and have more freedom without him around. When the State asked her about her interview at the Dallas Children's Advocacy Center, the following exchange took place:

> Q. Do you remember -- do you remember what you told Christine at the Advocacy Center?
>
> A. Some of it.
>
> Q. Tell the jury some of what you told Christine.
>
> Appellant's counsel: Objection. This is hearsay. He's trying to back door in her statement and use it as evidence.
>
> State's attorney: It's her own words, Your Honor. It's not hearsay. It's improper use of impeachment.[1]
>
> THE COURT: Overruled.
>
> Appellant's counsel: Can I ask at least for a limiting instruction that it be used only for impeachment and not as substantive evidence?
>
> THE COURT: Yes.
>
> State's attorney: Your Honor, at this point she hasn't even said it's inconsistent. I'm asking what she told Christine. She didn't say she didn't [*4] say. At this point it's her testimony. I haven't impeached her.
>
> THE COURT: I understand. At the appropriate time I will give the appropriate instruction.

After J testified, the trial court never gave a limiting instruction. On April 16, 2014, the jury convicted appellant of indecency with a child by contact and the court sentenced him to fourteen years of imprisonment.

## ANALYSIS

### I. The Trial Court Properly Allowed the State to Question a Witness About Statements Made During Her Forensic Interview

Appellant argues that the trial court abused its discretion when it allowed the prosecutor to question J regarding her prior statement to Mack because it was improper impeachment under *Rule 613 of the Texas Rules of Evidence.* We disagree.

### A. Standard of Review

*HN1* A trial court's decision to admit or exclude evidence is viewed under an abuse of discretion standard. *Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).* A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Green v. State, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996).* *HN2* A witness's prior inconsistent statements are admissible to impeach a witness. *See Aranda v. State, 736 S.W.2d 702, 707 (Tex. Crim. App. 1987).* The rule of admissibility of evidence of prior inconsistent [*5] statements should be liberally construed and the trial judge should have discretion to receive any evidence which gives promise of exposing a falsehood. *Id.*

### B. *Texas Rule of Evidence 613*

*Rule 613(a) of the Texas Rule of Evidence* provides as follows:

> *HN3* **(1)** *Foundation Requirement*. When examining a witness about the witness's prior inconsistent statement—whether oral or written—a party must first tell the witness:
>
> **(A)** the contents of the statement;
>
> **(B)** the time and place of the statement; and
>
> **(C)** the person to whom the witness made the statement.
>
> **(2)** *Need Not Show Written Statement*. If the witness's prior inconsistent statement is written, a party need not show it to the witness before inquiring about it, but must, upon request, show it to opposing counsel.

---

[1] It appears the State was informing the court what the correct objection was rather than commenting on its intent in asking the question.

nanette hendrickson

**(3)** *Opportunity to Explain or Deny*. A witness must be given the opportunity to explain or deny the prior inconsistent statement.

**(4)** *Extrinsic Evidence*. Extrinsic evidence of a witness's prior inconsistent statement is not admissible unless the witness is first examined about the statement and fails to unequivocally admit making the statement.

**(5)** *Opposing Party's Statement*. This subdivision (a) does not apply to an opposing party's statement under Rule 801(e)(2).

See Tᴇх. R. Eᴠɪᴅ. 613(a).

**C. Analysis**

Appellant argues that the State **[*6]** did not lay the proper foundation for admitting J's prior inconsistent statements. The State argues that appellant failed to preserve any alleged error on this issue by failing to make a timely, specific objection. For purposes of our analysis, we have elected to reach the merits of the issue.[2]

As stated above, *HN4* there are three requirements to establish the proper predicate or foundation for impeachment testimony: (1) identification (time and place and person to whom the statement was made); (2) the contents of such statement; and (3) the witness must be afforded an opportunity to explain or deny such statement. *See id.; Flowers v. State, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd)*. Here, the State established the foundation for its impeachment testimony in the following exchange:

Q. Okay. All right. And this is over two years ago, right?

A. Yes.

Q. And this has been really difficult on you, right?

A. Yes.

Q. Are there a lot of things that you don't really want to talk about or want to remember about that?

A. Yes.

Q. So you're not saying it didn't happen. You just don't remember that?

A. Yes.

Q. Okay. Do you remember a couple weeks after Braum's that you went down to a place called the Children's Advocacy Center and talked to a woman named Christine Mack?

A. I remember talking **[*8]** to somebody.

Q. Do you remember she had dark hair, long dark hair?

A. Yes.

Q. And do you remember what you told Christine Mack?

A. No.

In the above exchange, the State identified the time, place and person to whom J made the statements. Following this exchange, the State went through the content of J's prior interview with Mack. J often testified in a reluctant manner when the State asked about her statements during the forensic interview by stating that she "didn't remember" or "didn't know." Regardless of her reluctance, J was provided an opportunity to explain or deny her prior statements. Accordingly, we conclude that the State properly established the foundation for its use of J's impeachment testimony.

Appellant also asserts that the witness must deny making the statement in order to admit the prior inconsistent statement. *HN5* Rule 613(a), however, does not require the witness to deny the statement. Instead, the rule provides that extrinsic evidence of a witness's prior inconsistent statement may not be admitted if the witness unequivocally admits making the statement. *See* Tᴇх. R. Eᴠɪᴅ. 613(a), *Aranda, 736 S.W.2d at 708* (if a witness unequivocally admits a prior statement is inconsistent with his trial testimony the process of **[*9]** impeachment is accomplished and other evidence of the prior statement or confession is inadmissible). As

---

[2] We note, however, that there is a persuasive argument that appellant's first issue on appeal has been waived. When the hearsay/impeachment objection was raised, the trial court did not make a ruling but noted that an appropriate instruction would be given at the appropriate time. Appellant did not reassert his objection during J's testimony or obtain a ruling on the objection. As such, the error has not been preserved. *See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)* ("In general, Tᴇх. R. Cʀɪᴍ. Eᴠɪᴅ. 103(a)(1) and Tᴇх. R. Aᴘᴘ. Pʀᴏᴄ. 52 govern preservation of error concerning the admission of evidence in criminal cases. Combined, these rules state that if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection. The objection must be timely; that is, the defense must have objected to the evidence, if possible, before it was **[*7]** actually admitted. If this was not possible, the defense must have objected as soon as the objectionable nature of the evidence became apparent and must have moved to strike the evidence, that is, to have it removed from the body of evidence the jury is allowed to consider.").

nanette hendrickson

discussed above, J often testified in a reluctant manner when the State asked her about the forensic interview. J remembered some of her interview statements but not others. After review of J's direct examination, however, it would be difficult to say that J unequivocally admitted that her prior interview was inconsistent with her trial testimony. As our review of the record supports the trial court's ruling, we cannot say the trial court clearly abused its discretion. Accordingly, we overrule appellant's first issue.

**II. Failure to Give Limiting Instruction Resulted in Harmless Error**

In his second point of error, appellant contends that the trial court erred by not giving a limiting instruction at the time it was requested.[3] As stated above, appellant requested a limiting instruction when the State first asked J about the Mack interview:

> Appellant's counsel: Can I ask at least for a limiting instruction that it be used only for impeachment and not as substantive evidence?
>
> THE COURT: Yes.
>
> State's attorney: Your Honor, at this point she hasn't even said it's inconsistent. I'm asking what [*10] she told Christine. She didn't say she didn't say. At this point it's her testimony. I haven't impeached her.
>
> THE COURT: I understand. At the appropriate time I will give the appropriate instruction.

The State argues that appellant's counsel did not request any additional instructions after this exchange and that counsel abandoned and waived his original objection. Although we agree that a limiting instruction was appropriate in this situation, we overrule this issue because such error was harmless given the evidence presented.

*HN6* A trial court must provide a limiting instruction that restricts the evidence to its proper scope and instruct the jury accordingly. *See TEX. R. EVID. 105(a)*. At the time that the State began questioning J about her interview with Mack, J had already testified that G told her to say that her [*11] dad had been touching her. Accordingly, it was appropriate for appellant's attorney to request a limiting instruction when the State asked about the Mack interview because J had already indicated that she had changed her version of the events at issue. *See Hammock v. State, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001)* (*HN7* "[T]he plain language of *Rule 105(a)* seems to place the relevant timing for a limiting instruction request at the moment the evidence is admitted."). Here, appellant was entitled to a limiting instruction once the State began questioning J about her former interview. *See Adams v. State, 862 S.W.2d 139, 147-48 (Tex. App.—San Antonio 1993, pet. ref'd)* (*HN8* "[I]mpeachment is aimed at attacking the credibility of a witness. Testimony admitted only for impeachment purposes is without probative value and cannot be considered as substantive evidence. One of the common methods of impeachment is by the use of prior inconsistent statements, oral or written, under oath or not. The jury may consider the inconsistency as damaging to the witness's credibility, but may not use the evidence substantively.") (internal citations omitted); *Miranda v. State, 813 S.W.2d 724, 735 (Tex. App.—San Antonio 1991, pet. ref'd)* (*HN9* "*Rule 607* permits the use of prior inconsistent statements that are hearsay for the purposes of impeachment. Courts, of course, must be careful to give jury instructions limiting the evidence to the issue of impeachment."). Having [*12] found error, we proceed to conduct a harm analysis. *See Jones v. State, 119 S.W.3d 412, 423-24 (Tex. App.—Ft. Worth 2003, no pet.)* (*HN10* "When a trial court errs by refusing to give a contemporaneous limiting instruction, that error is non-constitutional and is subject to a harmless error analysis pursuant to *Texas Rule of Appellate Procedure 44.2(b).*"). Here, we have a fair assurance that this error did not affect any substantial right belonging to appellant. *See TEX. R. APP. P. 44.2(b)* (nonconstitutional error that does not affect appellant's substantial rights must be disregarded). The appellant confessed to having touched J "once a month" for "more or less a year" in his voluntary interview with Detective Vanderveen. The exhibit of the interview was admitted into evidence. Further, Detective Vanderveen testified that appellant's confession corroborated what J said in her forensic interview. In addition, J's aunt, Maria, testified that J told her that J's father had been inappropriately touching her. Finally, Mack, the forensic interviewer, testified that she did not see any signs of coaching or lying during J's interview. Considering the record in its entirety, we conclude that the trial court's error was harmless and overrule appellant's second issue.

**CONCLUSION**

We resolve appellant's issues against him [*13] and affirm the trial court's judgment.

---

[3] Appellant makes a passing reference to the fact that the trial court "did not include a written instruction in the jury charge either." Appellant, however, does not present any argument or analysis regarding this allegation. As appellant has failed to conduct any *Almanza* analysis, the Court will restrict its analysis to the alleged failure to instruct the jury at the time requested.

nanette hendrickson

/s/ David Evans

DAVID EVANS

JUSTICE

Do Not Publish

*TEX. R. APP. P. 47*

**JUDGMENT**

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of August, 2015.